# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JEFFERY MILTON STOKES,     )
                                )
          Plaintiff,      )
                                )
v.                           )        No.  3:20-CV-179-DCLC-DCP
                                )
OFFICER S. HOCKER, OFFICER    )
CARTER, OFFICER TINSLEY, and   )
OFFICER SMITH,                )
                                )
          Defendants.    )

## MEMORANDUM & ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's excessive force claim against Defendants Tinsley, Hocker, Smith, and Carter [Doc. 4 p. 10–11]. Now before the Court is Defendant Hocker's motion to dismiss this action based on qualified immunity [Doc. 12] and unexecuted summonses returned for Defendants Tinsley, Smith, and Carter [Docs. 6, 7, 8]. The Court will address these filings in turn.

## I.    MOTION TO DISMISS

As noted above, Defendant Hocker has filed a motion to dismiss this action [Doc. 12]. Plaintiff did not respond to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1. Thus, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion will be **GRANTED** and Defendant Hocker will be **DISMISSED** from this action.

### A.  Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  A complaint fails to state a plausible claim for relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.* at 679.  In considering a motion to dismiss, a court must take all factual allegations in the complaint as true.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (citations omitted).

## B. Analysis

As noted above, Defendant Hocker seeks to dismiss Plaintiff's claims against him based on the doctrine of qualified immunity [Doc. 12].  Qualified immunity protects governmental employees from individual, civil liability where their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly-established;" and (3) whether the official's actions were objectively unreasonable.  *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

Once qualified immunity has been pled by a defendant, the plaintiff bears the burden of rebutting the defense by showing "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'"  *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741).  In short, this defense that protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475

2

U.S. 335, 341 (1986), and the plaintiff bears the ultimate burden of proving that a defendant is *not* entitled to immunity. *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).

In the portion of his complaint setting forth the excessive force claim proceeding herein, Plaintiff alleges that on or about January 22 of an unspecified year, Defendants Carter, Tinsley, Hocker, and Smith, among other individuals, came to his cell to take his shower shoes [Doc. 2 p. 6–7]. But when Plaintiff refused to give them the shoes, the officers "bashed [his] face," and then Plaintiff spit in an officer's face, at which point the officers beat him up badly, injuring his shoulder and back and "busting [his] lip" [*Id.* at 7]. The officers who were present but did not participate in this incident merely observed it and did not intervene [*Id.*].

First, it is unclear whether Plaintiff was a free citizen, a pretrial detainee, or a convicted prisoner at the time of this alleged excessive force incident. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537–38 (6th Cir. 2015) (explaining the differences in analysis of excessive force claims based on these categories of plaintiffs). However, regardless of Plaintiff's status at the time of the alleged excessive force incident, in his motion to dismiss, Defendant Hocker has asserted, and the complaint demonstrates, that, even accepting Plaintiff's complaint allegations as true, while Plaintiff generally alleges that officers used excessive force in this incident, Plaintiff admits that he (1) refused officers' initial attempt to take his shower shoes and (2) spit in the face of an officer when they then used force to get the shoes. Also, Plaintiff does not specify what acts of Defendant Hocker (or any other officer involved) amounted to excessive force, nor does he allege facts from which the Court can plausibly infer that every reasonable officer observing this incident would have known that the acts of force used against Plaintiff were excessive despite Plaintiff's resistance and act of spitting in an officer's face [*Id.*]. Most notably, Plaintiff has failed to show that Defendant Hocker used excessive force or failed to intervene in other officers' uses of excessive force to rebut Defendant Hocker's assertion that he is entitled to qualified immunity for this

3

incident, even though it is his burden to do so in the face of Defendant Hocker pleading this defense, as set forth above.

Thus, Plaintiff has failed to "nudge[] [his excessive force claim] across the line from conceivable to plausible" as to Defendant Hocker. *Twombly*, 550 U.S. at 570; *see also Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (holding complaint must plead facts in support of material elements of claim). Accordingly, Defendant Hocker's motion to dismiss Plaintiff's excessive force claim against him [Doc. 12] will be **GRANTED** and he will be **DISMISSED** from this action.

## II.    SUMMONSES

As noted above, summonses that the United States Marshals Service issued for Defendants Smith, Carter, and Tinsley were returned unexecuted [Docs. 6, 7, 8]. Specifically, the summonses issued for Defendants Smith and Carter were returned unexecuted because they did not contain enough information [Docs. 6 and 7], and the summons for Defendant Tinsley was returned unexecuted because he is no longer employed with Knox County and no forwarding address was given [Doc. 8].

While plaintiffs are generally responsible for service of process, Fed. R. Civ. P. 4(c)(1), the Sixth Circuit has stated as follows regarding plaintiffs proceeding *in forma pauperis*:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). It is apparent that Plaintiff timely provided the Court with the information he had to reasonably identify Defendants Smith, Carter, and Tinsley [Doc. 2 p. 3 (statement from Plaintiff indicating that officers will not provide inmates with their

first names)]. Thus, the Court finds good cause to extend Plaintiff's time to effectuate service on these Defendants. *Byrd*, 94 F.3d at 220; Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction,* 152 F.R.D. 249, 257 (1994) (noting that where a federal court finds good cause to extend the time period for service in a case where the court's jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Accordingly, the Clerk will be **DIRECTED** to send a copy of this order, Plaintiff's complaint [Doc. 2], and the Court's screening order [Doc. 4] to the Sheriff of Knox County. Further, the Sheriff of Knox County will be **ORDERED** to provide the Court with any information to which he has access that may help the United States Marshals Service to effectuate service on Defendants Carter, Smith, and Tinsley. This information should be filed under seal with the Court within fifteen (15) days after entry of this order. Upon receipt of this information, the Clerk will be **DIRECTED** to sign and seal summonses for these Defendants and to forward them to the United States Marshals Service for service. Fed. R. Civ. P. 4.

However, Plaintiff will be **NOTIFIED** that if the United States Marshals Service is unable to serve these Defendants based on any information that the Sheriff of Knox County provides, this action will be **DISMISSED** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## III.    CONCLUSION

For the reasons set forth above:

1. Defendant Hocker's motion to dismiss [Doc. 12] is **GRANTED** and he is **DISMISSED** from this action;

2. The Clerk is **DIRECTED** to send a copy of this order, Plaintiff's complaint [Doc. 2], and the Court's screening order [Doc. 4] to the Sheriff of Knox County;

5

3.  The Sheriff of Knox County is **ORDERED** to provide the Court with any information to which he has access that may help the U.S. Marshal to effectuate service on Defendants Carter, Smith, and Tinsley. This information should be filed under seal with the Court within fifteen (15) days after entry of this order;

4.  Upon receipt of this information, the Clerk is **DIRECTED** to sign and seal summonses for these Defendants and to forward them to the United States Marshals Service for service. Fed. R. Civ. P. 4;

5.  Plaintiff is **NOTIFIED** that if United States Marshals Service is unable to serve these Defendants pursuant to the information that the Sheriff of Knox County provides, this action will be **DISMISSED** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

6.  Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

s/Clifton L. Corker_____
United States District Judge