# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEFFERY MILTON STOKES, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-CV-179-DCLC-DCP |
| OFFICER CARTER, OFFICER TINSLEY, and OFFICER SMITH, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's excessive force claim against Defendants Tinsley, Smith, and Carter, as the Court previously granted former Defendant Hocker's motion to dismiss based on qualified immunity [Doc. 4 p. 10–11; Doc 15]. Now before the Court is the remaining Defendants' motion to dismiss this action based on qualified immunity [Doc. 23]. Plaintiff did not respond to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1. Thus, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [*Id.*] will be **GRANTED** and this action will be **DISMISSED**.

## I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a plausible claim for relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint

as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (citations omitted).

## II. ANALYSIS

As noted above, Defendants Smith, Tinsley, and Carter seek to dismiss Plaintiff's claims against them based on the doctrine of qualified immunity [Doc. 23]. As the Court noted in its memorandum and order granting Defendant Hocker's motion to dismiss based on qualified immunity:

> Qualified immunity protects governmental employees from individual, civil liability where their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly-established;" and (3) whether the official's actions were objectively unreasonable. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).
>
> Once qualified immunity has been pled by a defendant, the plaintiff bears the burden of rebutting the defense by showing "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741). In short, this defense that protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and the plaintiff bears the ultimate burden of proving that a defendant is *not* entitled to immunity. *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).
>
> In the portion of his complaint setting forth the excessive force claim proceeding herein, Plaintiff alleges that on or about January 22 of an unspecified year, Defendants Carter, Tinsley, [], and Smith, among other individuals, came to his cell to take his shower shoes [Doc. 2 p. 6–7]. But when Plaintiff refused to give them the shoes, the officers "bashed [his] face," and then Plaintiff spit in an

2

> officer's face, at which point the officers beat him up badly, injuring his shoulder and back and "busting [his] lip" [*Id.* at 7]. The officers who were present but did not participate in this incident merely observed it and did not intervene [*Id.*].

[Doc. 15 p. 2–3].

Neither Plaintiff nor Defendants have specified whether Plaintiff was a free citizen, a pretrial detainee, or a convicted prisoner at the time of this alleged excessive force incident. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537–38 (6th Cir. 2015) (explaining the differences in analysis of excessive force claims based on these categories of plaintiffs). But regardless of Plaintiff's status at the time of the alleged excessive force incident, in their motion to dismiss, Defendants assert that, even accepting Plaintiff's complaint allegations as true, while Plaintiff generally alleges that officers used excessive force in this incident, he also admits that he (1) refused officers' initial attempt to take his shower shoes and (2) spit in the face of an officer when the officers then used force to get the shoes, which is an accurate summary of the complaint allegations. Also, Plaintiff does not specify what acts of each Defendant amounted to excessive force, nor does he allege facts from which the Court can plausibly infer that every reasonable officer observing this incident would have known that the acts of force used against Plaintiff were excessive despite Plaintiff's resistance and act of spitting in an officer's face.

Additionally, as he failed to do after Defendant Hocker's motion to dismiss, Plaintiff has again failed to show that any Defendant used excessive force or failed to intervene in other officers' uses of excessive force to rebut Defendants' assertion that they are entitled to qualified immunity for this incident, even though it is his burden to do so in the face of Defendants pleading this defense, as set forth above.

Thus, Plaintiff has failed to "nudge[] [his excessive force claim] across the line from conceivable to plausible" as to Defendants. *Twombly*, 550 U.S. at 570; *see also Scheid v. Fanny*

3

Case 3:20-cv-00179-DCLC-DCP   Document 24   Filed 03/26/21   Page 3 of 4   PageID #: 104

*Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (holding complaint must plead facts in support of material elements of claim). Accordingly, Defendants' motion to dismiss Plaintiff's excessive force claim against them [Doc. 23] will be **GRANTED** and this action will be **DISMISSED**.

III. **CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to dismiss [*Id.*] will be **GRANTED;**

2. This action will be **DISMISSED**; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

                                            s/Clifton L. Corker
                                            United States District Judge